## Bailey et al. v. Zielinski

*Mitchell Jenkins,* for plaintiffs.
*John A. Gallagher, Howard Kennedy,* for defendant.

VALENTINE, P. J., for court en banc, June 13, 1947. —This case was submitted to the court en banc without argument. A brief was furnished by defendant's counsel, but none was received on behalf of plaintiffs.

We think the result reached in the adjudication was correct. However, notwithstanding the expiration of the two years from the time the property was purchased by the county commissioners at treasurer's sale, plaintiffs had the right, under the provisions of the Act of

July 28, 1941, P. L. 535, sec. 1, 72 PS §6105.1, to redeem the same at any time prior to its sale by the commissioners. The commissioners had not sold the property to defendant when plaintiff, Henry F. Bailey, entered the military service in August 1942. No effort was made to redeem the property under this act, and it was sold by the commissioners to defendant on April 2, 1946. Although only the owner of an undivided interest in the real estate, plaintiff, Henry F. Bailey, may have had the right to redeem the property pursuant to section 2 of the Act of May 1, 1945, P. L. 369, "at any time not later than six months" after the termination of his military service. However, he took no steps to avail himself of the provisions of this act. He was discharged from the military service August 5, 1946. The bill was filed August 28, 1946. No effort to redeem the property was made by him either before the filing of the bill or any time thereafter. If he had the right of redemption he in no way exercised such right, and the period within which it might have been exercised has now expired.

We conclude that the decree nisi was proper.

The exceptions are dismissed and we enter the following

### Final decree

Upon due consideration, it is ordered, adjudged and decreed:

1. That the bill of plaintiffs be and the same is hereby dismissed.

2. That plaintiffs, within 30 days, deliver possession of the premises to defendant.

3. That plaintiffs pay defendant, as mesne profits, and as damages for illegal detention, the sum of $75 per month for each month they occupy or remain in possession of the property on and after September 1, 1946.

4. That plaintiffs pay the costs.